Pearson, C. J.
 

 The bill is filed to have a deed for land absolute on its face declared to be only a security for the payment of money, on the allegation of a parol agreement to that effect. The agreement is admitted by the defendant, and he puts his refusal to reconvey, upon payment of the principal and interest on two grounds:
 

 1. That the matter has stood over for more than ten years, which raises a presumption that the plaintiff had abandoned his equity. This ground is fully met by the fact that the plaintiff has during all that time continued in possession of the land; so there is nothing for the presumption to act on, and if there was any presumption it would be the other
 
 *226
 
 way. Abandonment of an equity can only be presumed when the party holding the legal title has been in possession.
 

 2. The defendant further insists that there has been an express abandonment, for that the plaintiff, finding he was not able to pay the money, agreed that he would give up his equity, and the evidence of the debt was therefore cancelled by consent of the parties. The onus of proving this express abandonment is upon the defendant; and, after a careful examination of the. evidence in the cause, the court declares that the defendant has not proved the allegation.
 

 It is not deemed necessary to go into a discussion of the evidence. We will merely observe that it would require very strong evidence to bring us to the conclusion that, after being in possession for so many years, the plaintiff, no compulsory process having been taken out against him, such as an action of ejectment or suit for the debt, had agreed in 1865 to surrender his right of redemption without any stipulation as to his being allowed to remain in possession during the rest of his, life time, he being then old and infirm, simply because he was not able then to pay the debt and felt that he ought either to pay it or give up his right to the land; especially as the land is worth more than the debt and accumulated interest, as we infer from the eagerness of the defendant to hold on to it.
 

 The Master will report the amount due for principal and interest up to the time of the tender in November, 1865 ; and there will be a decree that, upon that amount being paid into office for the use of the defendant, he execute a deed to the plaintiff, the deed to be approved of by the Master. The plaintiff is allowed his costs.
 

 Per Curiam.
 

 Order accordingly.